IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHARON PHILLIPS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL CASE NO. |
| v. | : | 1:14-cv-00680-MHS-RGV |
| | : | |
| CITY OF ATLANTA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# ORDER

Defendants City of Atlanta ("the City"), Irving Grant ("Grant"), Joe Johnson ("Johnson"), and Clementine Norton ("Norton"), collectively referred to as "defendants," have filed a motion to dismiss plaintiff Sharon Phillips' ("plaintiff") first amended complaint, [Doc. 13], which plaintiff opposes, [Doc. 14]. For the following reasons, plaintiff's first amended complaint, [Doc. 12], is hereby *sua sponte* **STRICKEN** from the docket and defendants' motion to dismiss, [Doc. 13], is **DENIED WITHOUT PREJUDICE** as moot.

Plaintiff originally filed this action on March 7, 2014, naming the City of Atlanta Police Department ("APD"), as the sole defendant and asserting claims of sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). [Doc. 1 ¶¶ 20-30]. Plaintiff also sought relief under the Civil Rights Act of 1991 and asserted a pendent state law claim for intentional infliction of emotional distress. [Id. ¶¶ 31-37]. On May 23,

2014, the APD moved to dismiss plaintiff's complaint, asserting that the "City of Atlanta Police Department" was not an entity capable of being sued. [Doc. 5]. Plaintiff opposed APD's motion to dismiss, [Doc. 7], and requested leave to amend her complaint to cure the deficiency noted by the APD,[1] [Doc. 8].

On July 8, 2014, this Court entered an Order, partially granting plaintiff's motion to amend her complaint and denying APD's motion to dismiss without prejudice as moot. See [Doc. 11]. In particular, the Court noted that pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff "was authorized to amend her complaint once as a matter of course without seeking leave of the Court within 21 days after service of [APD's] motion," but that since she chose to file a motion to amend, she had "waived the right to amend as a matter of course and [she] invited the [] Court to review [her] proposed amendments." [Id. at 2 (second, third, and fourth alterations in original) (internal marks omitted) (quoting Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (per curiam))]. The Court

---

[1] Specifically, plaintiff requested leave to amend her complaint to "join the parties of [] Grant and [] Johnson, the two colleagues of the Plaintiff who sexually harassed her and then later retaliated against her" and "her supervisor, [] Norton, to whom she reported the harassment[.]" [Doc. 8 at 3]. She therefore requested that her complaint be amended "to remove the Defendant City of Atlanta Police Department" and to "substitute[] the following as defendants: [] Grant in his individual and official capacity, [] Johnson in his individual and official capacity, and [] Norton, in his individual and official capacity." [Id.].

then evaluated plaintiff's motion to amend,[2] and specifically noted that she simply sought to cure the deficiency in her original complaint "by removing the City of Atlanta Police Department as a named defendant and adding three individuals, in their individual and official capacities, as defendants in this action." [Id. at 3]. Because plaintiff's original complaint asserted two federal claims under Title VII and a pendent state law claim, see generally [Doc. 1], the Court explained that plaintiff's proposal to add the individual defendants in their individual and official capacities would not cure the deficiency in her original complaint but merely add to it, see [Doc. 11 at 3 (citations omitted) (noting that government officials named in their individual capacities could not be sued under Title VII), 4 (noting that plaintiff could name the individual defendants in their official capacities as long as she has not also named her employer)]. Therefore, the Court granted plaintiff "an opportunity to amend her complaint to name a proper defendant and to otherwise address the deficiencies discussed[.]" [Id. at 4].

---

[2] The Eleventh Circuit has clearly established that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999) (citing Wisdom v. First Midwest Bank, 167 F.3d 402, 409 (8th Cir. 1999) ("[P]arties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim.")). Plaintiff did not attach a copy of any proposed amendment to her motion, and the Court therefore evaluated whether plaintiff should be allowed to amend her complaint based on the substance of the proposed amendment she set forth in her motion.

On July 21, 2014, plaintiff filed her first amended complaint, in which she names the City, along with Grant, Johnson, and Norton in their individual capacities, as defendants, and she asserts claims under Title VII for sexual harassment (Count One) and retaliation (Count Two), seeks relief under the Civil Rights Act of 1991 (Count Three), and asserts a claim under 42 U.S.C. § 1983 ("§ 1983") (Count Five). See generally [Doc. 12]. Plaintiff also asserts a state law claim for intentional infliction of emotional distress (Count Four). [Id. at 11-12].

While plaintiff refers to "defendant" and "defendants" throughout her complaint, she failed to specify which defendant she contends is liable under each count asserted in her first amended complaint. See generally [Doc. 12]. However, it appears that plaintiff asserts her Title VII claims against all defendants, see [id. at 7-9 (stating in reference to her sexual harassment claim that "Defendants have intentionally engaged in unlawful employment practices in violation of Title VII" and referring to "Defendants' violation of Title VII"), 9-10 (referring to "Defendants" with regard to her retaliation claim and stating that "Defendants' retaliatory actions were undertaken in bad faith")], but it is unclear which defendant she alleges is liable under her state law claim for intentional infliction of emotional distress, see [id. at 11 (stating that "Defendant intentionally transferred Plaintiff" and that when she complained, "Defendant transferred Plaintiff back to the same department"), 12 (alleging that "[a]s a direct and proximate result of Defendants' intentional,

4

unlawful, and extreme and outrageous actions, Plaintiff has suffered severe emotional distress . . . .")]. With regard to plaintiff's § 1983 claim, she refers to the City and Norton as depriving her of equal employment opportunities and "exhibit[ing] malice or reckless indifference to the federally protected rights of Plaintiff," but then she also refers to "Defendants' acts or omissions" as depriving her of her rights. See [id. at 15].

On August 4, 2014, defendants filed a motion to dismiss plaintiff's first amended complaint, arguing that plaintiff's amended complaint should be dismissed in its entirety as a shotgun pleading, that Count One should be dismissed for failure to exhaust administrative remedies, that Count Three should be dismissed since the additional remedies provided by the Civil Rights Act of 1991 for certain Title VII violations do not constitute a stand alone cause of action, that Count Five should be dismissed as beyond the scope of the Court's July 8, 2014, Order, and that the individual defendants should be dismissed as beyond the scope of the Court's Order and for plaintiff's failure to effectuate service upon them. See [Doc. 13]. Plaintiff opposes defendants' motion, asserting that she properly amended her complaint to add individual defendants and a cause of action under § 1983, that her complaint is not a shotgun pleading, that she has exhausted all of her administrative remedies, that she properly stated a § 1983 claim against the City, and that she will serve the individual defendants. See [Doc. 14]. However, the Court need not

5

address the merits of defendants' motion to dismiss because the Court finds that the amended complaint is due to be stricken as plaintiff has failed to comply with the Court's specific directives for amending her complaint issued in the July 8, 2014, Order.[3]

First, despite the Court's admonition that a "Title VII suit may not be brought against government officials in their individual capacities," [Doc. 11 at 3 (citations and internal marks omitted)], plaintiff appears to have asserted her Title VII sexual harassment and retaliation claims against all defendants, which includes the

---

[3] In addition, the Court notes that since defendants have sought dismissal of the individual defendants based on plaintiff's failure to effectuate service upon them, see [Doc. 13 at 9-10], it would be error for the Court to address the merits of defendants' motion with regard to these defendants. Indeed, "[s]ervice of process is a jurisdictional requirement" and "a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Igbinigie v. Wells Fargo Bank, N.A., No. 3:08-CV-58 (CDL), 2008 WL 4862597, at *1 (M.D. Ga. Nov. 10, 2008) (internal marks omitted) (quoting Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990)). In fact, "[i]t is [] reversible error for a district court to address the merits of a cause of action when the plaintiff has failed to properly effect service of process in accordance with Federal Rule of Civil Procedure 4." Id. (citing Jackson v. Warden, FCC Coleman-USP, 259 F. App'x 181, 182-83 (11th Cir. 2007) (per curiam) (unpublished)); see also In re S1 Corp. Sec. Litig., 173 F. Supp. 2d 1334, 1342 (N.D. Ga. 2001). Moreover, the motion to dismiss for lack of service is premature since the time within which plaintiff may serve the individual defendants has not expired. See Horton v. Fulton Cnty. Dep't of Family & Children Servs., Civil Action File No. 1:10–CV–2665–TWT–JFK, 2010 WL 5055827, at *1 (N.D. Ga. Nov. 9, 2010), adopted by 2010 WL 5055824, at *1 (N.D. Ga. Dec. 6, 2010) (recommending motions to dismiss on insufficiency of service of process grounds be denied as premature since they were filed before the expiration of the 120-day time limit).

individual defendants sued in their individual capacities, see [Doc. 12 at 7-10].[4] This is directly contrary to the Court's July 8, 2014, Order. Moreover, plaintiff's first amended complaint adds a § 1983 claim, but she failed to mention any such claim in her motion to amend, see generally [Doc. 8], and plaintiff's filing of the first amended complaint is the first notice to the Court of plaintiff's desire to add any such claim. Indeed, the Court's previous Order addressed plaintiff's motion to amend and the substance of the amendment set forth in that motion, which did not include adding a § 1983 claim, but merely sought to substitute the individual defendants in place of the APD. By adding a claim in her first amended complaint that was not mentioned in her motion to amend and which the Court did not therefore evaluate in ruling on the motion, plaintiff has in effect amended her complaint, after her right to amend as a matter of course has expired, without first seeking leave to do so or obtaining the consent of the defendants, in violation of Federal Rule of Civil Procedure 15(a). Thus, not only has plaintiff failed to comply with the Court's Order by naming individual defendants in the Title VII claim, but she has exceeded the scope of the Order by asserting a new claim. Accordingly,

---

[4] Plaintiff argues in her response in opposition to defendants' motion to dismiss that the amended complaint "makes clear" that Counts One and Two are asserted against the City only, see [Doc. 14 at 6]; however, a review of the amended complaint shows that it is far from clear as to which defendants she intended to assert each claim against and that she repeatedly alleges that "all Defendants" and "Defendants" violated Title VII, see [Doc.12 ¶¶ 26, 28, 31-34].

"[t]his unauthorized [first] [a]mended [c]omplaint will be stricken pursuant to Fed.R.Civ.P. 15(a), both because leave was not sought or granted [to add any additional claims]," Thayse v. Anderson, No. 2:06-cv-38-FtM-29DNF, 2006 WL 3313750, at *1 (M.D. Fla. Nov. 14, 2006); see also Oliver v. M/V Barbary Coast, No. CA 11–223–KD–C, 2012 WL 2898055, at *4 n.4 (S.D. Ala. June 13, 2012), adopted as modified by 2012 WL 2891777, at *1 (S.D. Ala. July 16, 2012) (noting that it was proper for the court to *sua sponte* strike an amended complaint that was improperly filed once the improper pleading came to the court's attention by virtue of defendant's motion to dismiss), and because it does not comply with the Court's July 8, 2014, Order, and is in fact beyond the scope of the Court's ruling. Therefore, the Clerk is **DIRECTED** to **STRIKE** plaintiff's first amended complaint, [Doc. 12], from the docket.

Nevertheless, the Court will afford plaintiff **fourteen (14) days** from the date of this Order to file an amended complaint that complies with the Court's previous Order. Plaintiff is admonished that should she fail to timely file an amended complaint, or should she file an amended complaint that does not comply with the Court's instructions, it may result in a recommendation that this case be dismissed. It is further **ORDERED** that in light of the Court's ruling, defendants' motion to dismiss plaintiff's first amended complaint, [Doc. 13], is **DENIED WITHOUT**

8

**PREJUDICE** as moot. However, defendants may renew their motion to dismiss should plaintiff fail to file an amended complaint in compliance with this Order.

**IT IS SO ORDERED** and **DIRECTED**, this 6th day of October, 2014.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE